# York Trust Company, Trustee, v. Haugh

*George Hay Kain*, for plaintiff; *James G. Glessner*, for defendant.

NILES, P. J., December 8, 1933.—This matter comes before the court without testimony upon the facts stated in the petition and answer.

By these pleadings it appears that:

On July 9, 1924, Albert F. Haugh, the petitioner and defendant in the judgment and writ involved, executed a bond and mortgage to York Trust Company, trustee, conditioned on the payment of $3,600 one year after date, with attorney's commissions. The mortgage was recorded on the same day, and the interest was paid by the mortgagor until May 15, 1925, when the mortgagor, Haugh, conveyed the mortgaged property to Oscar M. Paup and Miriam L. Paup, his wife, by deed recorded the same day. Thereafter and until shortly before their bankruptcy in 1931, the interest was duly paid by Paup, the grantee from Haugh.

The conveyance by Haugh to Paup contains the conditions: "Subject nevertheless to the lien and payment of a mortgage from Albert F. Haugh and wife to York Trust Company, trustee, for $3,600; said mortgage bearing date July 9, 1924, and recorded in mortgage book 8-O, page 214".

On September 4, 1931, judgment was entered by York Trust Company, trustee, on the bond given with the mortgage on July 9, 1924, in the sum of $3,600, to no. 333, August term, 1931.

On November 23, 1931, Paup was adjudicated a bankrupt in the District Court of the United States for the Middle District of Pennsylvania, to no. 7456 in bankruptcy; and afterwards Carl R. May, Esq., was appointed trustee. The adjudication was recorded May 10, 1932, in the recorder's office of York County in record book 25-F, page 412.

On March 24, 1932, execution was issued on the judgment against Haugh to no. 333, August term, 1931, the writ being returnable the first Monday of April 1932; and on the same day levy was made upon other real estate of Haugh, not covered by the mortgage of July 9, 1924.

On April 2, 1932, Haugh's real estate was condemned, on April 11, 1932, inquisition was filed, and on April 15, 1932, it was approved.

On April 4, 1932, the trustee, Carl R. May, filed his petition in the district court for an order to sell the mortgaged real estate as the property of the Paups (being that covered by the mortgage of July 9, 1924), at private sale to York Trust Company for $2,100, free and clear of all liens and encumbrances.

This petition was joined in by all the lien creditors of record of said bankrupt, including York Trust Company, trustee and mortgagee in the mortgage of A. F. Haugh to York Trust Company, trustee.

It does not appear that A. F. Haugh, the original mortgagor, joined in this petition.

On April 14, 1932, a meeting of the creditors of Paup, the bankrupt, was held, no objection was filed to the private sale to York Trust Company, and the order was granted as prayed for.

On April 15, 1932, the trustee filed his return of sale to York Trust Company in the office of William H. Kurtz, referee in bankruptcy, and the said sale was finally confirmed by the district court on April 28, 1932.

On May 5, 1932, the trustee conveyed the real estate covered by the mortgage, free and discharged of all liens; and the deed was duly recorded May 10, 1932, in deed book 25-F, page 411.

Subsequently York Trust Company, trustee, received all the proceeds of the sale of said real estate, less costs, amounting to $1,471.22, thereby reducing the principal indebtedness on the Haugh bond and mortgage to $2,128.78 as of May 1, 1932.

It is this deficiency of $2,128.78 which the plaintiff, York Trust Company, trustee, is attempting to collect by virtue of the judgment, fi. fa. and vend. ex.

There is no allegation that the private sale to York Trust Company discharged from the lien of the mortgage was not strictly in accord with the authorization of the district court, or that the district court did not have ample jurisdiction for the proceeding, or that Haugh did not have knowledge of or participate in the proceedings in the district court, or that the price of $2,100 was not all that could be obtained in any way, or that the defendant Haugh was injured or suffered any loss by reason of the sale under the proceedings in the district court.

The only reasons alleged in the petition of Albert F. Haugh to open the judgment and let him into a defense are:

"(a) That the said transfer of said real estate to Oscar M. Paup and Miriam L. Paup, his wife, on May 15, 1925, having been made subject to said mortgage, at the request and with the consent of said York Trust Company, trustee, and the said York Trust Company, trustee, having received its interest and continued the lien of said mortgage after its due date, to wit, July 9, 1924, without the consent of your petitioner Albert F. Haugh, mortgagor, the mortgagor is released from any further liability upon said bond and mortgage."

"(b) That the said York Trust Company, trustee, having joined in the petition of the trustee in bankruptcy of Oscar M. Paup and Miriam L. Paup, his wife, praying the United States District Court in and for the Middle District of Pennsylvania for permission to sell the said real estate free and discharged of the lien of the said mortgage, after the same was due and payable for more than 5 years, your petitioner was relieved from the liability upon said mortgage and the accompanying bond."

"(c) That under the facts and circumstances under which this mortgage was given, and afterwards continued without the consent of your petitioner, your petitioner was relieved from all liability on said mortgage and the accompanying bond, and the judgment entered thereon."

We have been referred to no authority sustaining these propositions of the petition as furnishing any valid reason for the opening of the judgment against Haugh, or the stay of the writ.

York Trust Company, trustee, held a judgment bond against Albert F. Haugh, upon which default was made.

It realized from the mortgage which it held as collateral security for Haugh's bond $1,471.22, thereby reducing Haugh's indebtedness on his bond to $2,128.78.

There is no allegation of any fraud or want of notice to Haugh and full opportunity to protect himself, or that the trust company did anything or omitted to do anything regarding the collateral security that did result, or could have resulted, in injury to Haugh, the original debtor.

The plaintiff is entitled to payment of the balance on its judgment no. 333, August term, 1931, against Albert F. Haugh, and to enforce the payment thereof by appropriate writs of fi. fa. and vend. ex.

And now, December 8, 1933, the prayer of the petition of defendant to open the judgment and let him into a defense, filed May 4, 1933, is refused; the rule granted thereon is discharged; and the stay of the writ of vend. ex. to no. 15, August term, 1933, is removed and the said order therefor rescinded.